UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE HURLEY, | Case No. 3:09-cv-450 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

**ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. 16) IS GRANTED IN PART AND DENIED IN PART AND PLAINTIFF IS AWARDED $3,178.18 IN FEES**

This case is a Social Security disability benefits appeal under which the Court remanded the non-disability finding of the Administrative Law Judge ("ALJ") below. Seeking to be compensated for the legal expenses incurred in obtaining the reversal and remand, Plaintiff has filed a fee petition for $3,178.48 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which is opposed by the Commissioner of Social Security ("Commissioner"). (Doc. 17).

Plaintiff's fee request seeks payment for 18.5 hours of work at a rate of $171.81 per hour, totaling $3,178.48. (Doc. 16 at 1). Plaintiff's attorney also asks that the fee award be paid directly to her, attaching an assignment from Plaintiff of any EAJA attorney's fees awarded to him. (*Id.*, Att. 2 at 7). The Commissioner contests that Plaintiff merits the fee award, arguing that the government's position was substantially justified. (Doc. 17 at 2). Additionally, the Commissioner argues that any fee award is payable to the Plaintiff rather than Plaintiff's counsel under the Supreme Court's decision in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), and reserves the right to evaluate the propriety of directing payment to Plaintiff's attorney. (Doc. 17 at 2, n. 1).

This Court determined that the ALJ failed to properly consider the entire record, Plaintiff's complaints of pain, and the opinion of Plaintiff's treating physician. (Doc. 14 at 11). These are fundamental improprieties, the support of which by the Defendant is not substantially justified. Particularly distressing was the ALJ's absolute silence as to his consideration of two MRI's, tests which were critical to determining whether or not Plaintiff were disabled. The ALJ's assessment of Plaintiff's pain testimony specifically was likewise fatally flawed by the ALJ's omission of the two MRI reports, and, in fact, the ALJ did not even analyze anywhere the effect of Plaintiff's shoulder pain on his ability to work. Moreover, the ALJ's assertion that the Plaintiff's treating physician did not provide objective support for his opinion was clearly belied by the treating physician's submission of various treatment notes, including the results of several

2

diagnostic imagining tests. Consequently, in light of the ALJ's glaring omissions and unsubstantiated findings, the Court held that substantial evidence did not exist to support the ALJ's denial, and reversed and remanded the ALJ's decision. (Doc. 14 at 12).

Accordingly, in light of the Court's findings concerning the ALJ's decision, and its fundamental improprieties, the Court simply cannot find that the Defendant's support of the ALJ's reasoning was substantially justified.

With regard to the fee recipient, the Court agrees with the Commissioner: the fee award shall be paid to Plaintiff. The apparent assignment agreement between Plaintiff and counsel is not properly before the Court. Under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), Plaintiff, as the prevailing party, is entitled to an award for the attorney's fees he incurred in securing a reversal and remand. How such fees are paid to his attorney is not contemplated by the EAJA, but is a matter of contract law between Plaintiff and counsel.

### III.

Therefore, the EAJA fee petition filed by Plaintiff (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**, as set forth herein, and Plaintiff is **AWARDED** the sum of **$3,178.48** in fees.

**IT IS SO ORDERED.**

Date: 7/6/11

Timothy S. Black
United States District Judge

3